**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RONALD H. PARRISH,

        Plaintiff,

vs.                                                Case No. 3:05-cv-819-J-99TEM

UNITED STATES OF AMERICA,

        Defendant.

_____

**ORDER**[1]

Plaintiff, Ronald H. Parrish, filed his complaint against defendant, United States of America, seeking damages in negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680  (Doc. 1.)  The United States asserts that dismissal is proper for lack of subject matter jurisdiction and for failure to state a claim.  (Doc. 6.)  Parrish filed a response (Doc. 7), and the United States subsequently filed a notice of additional authority (Doc. 8).

Parrish's complaint alleges that on or about May 1, 2003, Parrish, while employed as a civilian truck driver for a government contractor (Doc. 1, ¶ 4), was traveling on Main Supply Route Tampa out of Kuwait and into Iraq when he encountered a U.S. military convoy traveling the same route.  (Doc. 1, ¶¶ 3 & 5.)

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

The complaint alleges that the military convoy was traveling in both outside lanes of the three-lane route when a military driver negligently collided with Parrish's truck causing Parrish to collide into another military vehicle.  (Doc. 1, ¶¶ 6, 7, 8.) Parrish alleges that his truck collided "back and forth between the two military vehicles" before Parrish's truck rolled onto the driver's side and slid off the roadway, injuring Parrish.  (Doc. 1, ¶ 9.)  Parrish asserts that the United States was negligent in training the military driver who caused the initial impact (Doc. 1, ¶ 8), in failing to ensure a reasonable degree of safety for civilian contractors, and in failing to provide him timely medical care.  (Doc. 1, ¶¶ 10, 11.)  Parrish asserts that the United States is liable for his injuries and damages based on the limited waiver of sovereign immunity in the FTCA.  (Doc. 1, ¶¶ 2, 12.)

Standard of Review

In ruling on a motion to dismiss, the Court must accept all the material allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff.  Jean v. Dorelien, 431 F.3d 776, 778 (11th Cir. 2005). Where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint, a court may dismiss the complaint.  Id. (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Discussion

The FTCA grants federal district courts jurisdiction over suits against the United States "for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Pursuant to the FTCA, the sovereign immunity of the United States is waived for tort claims based on the conduct of federal employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id. However, the FTCA provides for several exceptions to this limited waiver of the government's immunity. See generally 28 U.S.C. § 2680. In particular, the United States is exempt from liability under the FTCA for "any claim arising in a foreign country." 28 U.S.C. § 2680(k). Federal courts have consistently found this statutory exemption applicable to the "tortious conduct of foreign based military personnel acting within the scope of their employment." Heller v. United States, 776 F.2d 92, 96 (3d Cir. 1985) (citing Pelphrey v. United States, 674 F.2d 243 (4th Cir. 1982); Manemann v. United States, 381 F.2d 704 (10th Cir. 1967); Meredith v. United States, 330 F.2d 9 (9th Cir. 1964); Burna v. United States, 240 F.2d 720 (4th Cir. 1957)).

In its motion to dismiss, the United States asserts the undisputed fact that Parrish's alleged injuries occurred in Kuwait or Iraq. Thus, the United States

3

argues that Parrish's claims are barred because the FTCA does not apply to claims arising in foreign countries under the statutory exception in Section 2680(k). Moreover, the United States asserts that the foreign country exception bars claims of injuries suffered in foreign countries, even where allegedly tortious acts occurred in the United States (such as the allegedly negligent training of the military driver in this case).

Parrish asserts that suit is proper against the United States under the FTCA because on the date of the alleged accident, May 1, 2003, the government of "the country formally [sic] known as Iraq" had been deposed by foreign nations, including the United States. (Doc. 7, ¶ 2.) Therefore, Parrish argues that at the time of the alleged accident, no sovereign government or country existed in Iraq, and thus the foreign country exception of the FTCA does not apply. Parrish relies solely on the case of Beattie v. United States, 756 F.2d 91 (D.C. Cir. 1984), for the proposition that "if the area where the accident occurred was not a 'foreign country' within the meaning of the foreign country exception . . . then venue was proper in the United States for an accident that occurred outside of the United States boundaries." (Doc. 7, ¶ 3.) After Parrish filed his response, the United States filed a notice of additional authority, citing Smith v. United States, 507 U.S. 197, 199-205 (1993), which abrogated Beattie.

The FTCA does not define the phrase "foreign country," see 28 U.S.C. §§

1346, 2671-2680, and the term has been subject to varying formulations by the courts. See, e.g., United States v. Spelar, 338 U.S. 217, 219 (1949) (finding phrase "'foreign country' [within the context of the FTCA] to denote territory subject to the sovereignty of another nation" and without the sovereignty of the United States); Meredith, 330 F.2d at 11 (finding that "in a foreign country," as used in Section 2680(k), has a meaning prescribed by "common sense" and "common speech"). However, the Supreme Court has found that "the commonsense meaning" of the phrase "in a foreign country" would not limit it to a "sovereign state." Smith, 507 U.S. at 201. Indeed, federal courts have interpreted the foreign country exception to bar claims arising in a variety of locations outside the territory of the United States, even when those locations were not in "sovereign" nations. See, e.g. Smith, 507 U.S. at 198 (holding that Antarctica, "a sovereignless region without civil tort law," was a foreign country within the statutory meaning and thus no FTCA claim could be brought for a wrongful death claim arising there); Callas v. United States, 253 F.2d 838, 840 (2d Cir. 1958) (holding that Pacific Island of Kwajalein, though governed by United States as trustee under the United Nations, was a foreign country within statutory meaning, and thus FTCA action could not be maintained against United States for civilian's injuries sustained on Kwajalein); Cobb v. United States, 191 F.2d 604, 606, 608 (9th Cir. 1951) (holding that Okinawa, a Japanese island conquered and continuously occupied by United

States during WWII, was a foreign country within the meaning of the FTCA, where government contractor suffered injuries in automobile accident allegedly resulting from negligence of United States employee in Okinawa); Brunell v. United States, 77 F. Supp. 68, 72 (S.D.N.Y. 1948) (dismissing complaint and barring claim under FTCA foreign country exception, where plaintiff was injured by United States military vehicle in Saipan, an island "in the possession and under the control of the Unites States by reason of military conquest and occupation" during WWII); see also, Heller v. United States, 776 F.2d 92, 97 (3d Cir. 1985) (holding wrongful death claim arising at United States Air Force base hospital in the Philippines was barred by foreign country exception, despite fact that enforcement authority on the base was American).

Contrary to Parrish's argument, the ordinary meaning of "foreign country" under the FTCA includes Iraq, even if Iraq was under military occupation by the United States or other nations at the time of the alleged accident and even if Iraq had no recognized government at that time. See Smith, 507 U.S. at 198; Cobb, 191 F.2d at 606, 608.

Even if Iraq is a "foreign country" for FTCA purposes, Parrish's complaint may be construed as alleging that negligence occurred in the United States when the U.S. government negligently failed to train one of its military drivers. Although some federal courts had permitted actions to proceed under such an allegation by

use of the so-called "headquarters doctrine," the Supreme Court has rejected this approach. Sosa v. Alvarez-Machain, 542 U.S. 692, 710-11 (2004). Under the "headquarters doctrine," "the foreign country exception [would] not exempt the United States from suit 'for acts or omissions occurring [in the United States] which have their operative effect in another country.'" Id. at 701 (quoting Sami v. United States, 617 F.2d 755, 762 (D.C. Cir. 1979)). Such claims usually "'involve allegations of negligent guidance in an office within the United States of employees who cause damage while in a foreign country, or of activities which take place within a foreign country.'" Id. (quoting Cominotto v. United States, 802 F.2d 1127, 1130 (9th Cir. 1986)). However, in Sosa, the Supreme Court recognized the potential problem that a "headquarters" claim evokes -- "'it will virtually always be possible to assert that the negligent activity that injured the plaintiff [abroad] was the consequence of faulty training, selection or supervision . . . in the United States." Id. at 702 (quoting Beattie v. United States, 756 F.2d 91, 119 (D.C. Cir. 1984) (Scalia, J., dissenting)). As such, the Supreme Court held that the foreign country exception to the FTCA "bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." Id. at 712. Thus, to the extent Parrish's complaint could be construed as alleging that the government's negligence occurred in this country when the United States improperly trained the military driver whose vehicle hit Parrish, this is not a viable

theory for asserting FTCA liability.

Therefore, Parrish's claims are barred by the foreign country exception in Section 2680(k), and Parrish cannot maintain his action under the FTCA against the United States.  Further amendment of the complaint would be futile.  Therefore, it is hereby

**ORDERED**:

Defendant's motion to dismiss (Doc. 6) is **GRANTED**.  Plaintiff's complaint (Doc. 1) is **DISMISSED with prejudice**.  The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of April, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

m.

Copies:

counsel of record